**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**YOLANDA LEWIS-MOZEJKO,**

                         **Plaintiff,**

       **-against-**

**TRANS UNION LLC,**

                         **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**10-CV-1653 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before the Court is (1) an application by *pro se* plaintiff Yolanda Lewis-Mozejko ("plaintiff") for a 90-day extension of the time for her to respond to discovery demands served by defendant Trans Union, LLC ("defendant") on December 3, 2010, see Letter to the Court from Plaintiff (Feb. 7, 2011) ("Pl. Letter"); and (2) defendant's motion to compel, to extend discovery, and for attorneys' fees. See Letter to the Court from Defendant (Feb. 8, 2011) ("Def. Letter"). Having considered the parties' cross-applications, and the prior proceedings in this case, the Court rules as follows:

The Court declines to grant plaintiff 90 days to provide discovery that was due on January 3, 2011. Plaintiff seeks to justify the delay by claiming that all the files pertaining to this case, along with the entire contents of her former New York residence and office, are in a 28-foot trailer/storage container in a storage facility in Brooklyn. See Pl. Letter at 1. Significantly, plaintiff alleges that her personal effects were placed in storage at the end of April 2010, *after* she had already initiated this lawsuit. See id. She therefore knew -- or should have known -- of the significance of the files relating to this litigation.

The Court appreciates the fact that plaintiff, who now resides in Arizona, does not have ready access to files located in the Brooklyn storage facility. Nevertheless, at a conference held on January 13, 2011, plaintiff advised the Court and defense counsel that she would be in New York City from February 12, 2011 to February 17, 2011. Therefore, to the extent that she wishes to pursue this litigation, she should make arrangements to visit the storage facility during her upcoming trip to New York, in order to retrieve the files related to this lawsuit.

Accordingly, plaintiff's request for a 90-day extension is denied. Defendant's request for a compulsion order is granted to the following extent: Plaintiff shall respond to all outstanding discovery demands by February 25, 2011. The defense request for counsel fees is denied.

Defendant has also requested an extension of the May 20th fact discovery deadline for an unspecified amount of time. Plaintiff shall notify the Court and counsel, in writing, by February 22, 2011, when she next expects to be in New York after February. The Court will then rule on the request to extend discovery.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 9, 2011**

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE